Rule 209. Continuances and Stays

***

E.  Continuances and stays shall be granted in compliance with federal or state law, such as the Servicemembers Civil Relief Act**[.]**, **[50 App. U.S.C. §  501 et seq.]** <u>50 U.S.C. §§ 3901 *et seq.*</u>

Official Note: This rule was amended in 2005 to consolidate the provisions of former Rules 320 (relating to continuances in civil actions) and 511 (relating to continuances in possessory actions) into one general rule governing continuances. The limitations set forth in subdivision C are intended to ensure that these cases proceed expeditiously. The grounds set forth in subdivisions D and E, of course, are not intended to be the only grounds on which a continuance will be granted

Rule 304. Form of Complaint

A.    The complaint shall be made in writing on a form **[which shall be]** prescribed by the State Court Administrator.

B.    **[The complaint shall be signed by the plaintiff or plaintiff's agent and verified as follows:**

**The facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.**

_____
**Signature**

**C.]**    The complaint shall set forth:

(1)    The names and addresses of the parties.

(2)    The amount claimed.

(3)    A brief and concise statement of the facts upon which the claim is based including:

(a)    the date, time and place of the occurrence and a brief description of the damages sustained when the claim alleges tortious conduct; or

**[Note: A civil action in which the claim alleges tortious conduct was formerly called an action in trespass.]**

(b)    the date of the transaction and a brief description of the subject matter when the claim is contractual;

**[Note: A civil action in which the claim is contractual was formerly called an action in assumpsit.]**

(c)    the date and description of the occurrence when the claim is for a civil fine or penalty and the citation to the statute authorizing the claim.

(4)    Such other information as shall be required on the complaint form.

**C.    The complaint shall be signed by the plaintiff or plaintiff's agent and verified as follows:**

2

**The facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.**

_____
**Signature**

**D.      For every individual defendant, the plaintiff or plaintiff's agent shall attach an affidavit to the complaint indicating that the defendant is in the military service, that the defendant is not in the service, or that the plaintiff is unable to determine whether or not the defendant is in the service.**

Official Note: Rule 304 is designed to promote uniformity, simplification of procedure, and better access by the public to the judicial services of magisterial district judges. The use of a form will help to accomplish this purpose and will also provide easier statistical and other administrative control by the Supreme Court. The filings required by this rule are subject to the _Case Records Public Access Policy of the Unified Judicial System of Pennsylvania. See_ Rule 217.

**A civil action that alleges tortious conduct was formerly called an action in trespass. A civil action in which the claim is contractual was formerly called an action in assumpsit.**

**Subdivision D requires the plaintiff to affirm if the defendant is or is not in the military service, or if the defendant's military service status is unknown. This information is required to ensure that an eligible defendant receives the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 _et seq._ The affidavit shall be made in writing on a form prescribed by the State Court Administrator.**

Rule 403. Issuance and Reissuance of Order of Execution

\*\*\*

Official Note: Under subdivision A, the order may be executed by the sheriff of the county in which the office of the issuing magisterial district judge is situated, as well as by any certified constable in that county.

If payment of the judgment was ordered to be made in installments under Rule 323, the magisterial district judge should not issue an order of execution on the judgment unless it appears that there was a default in the installment payments.

Subdivision B will permit the reissuance of an order of execution upon a **timely-filed** written request of the plaintiff**[ timely filed]**. **[Compare]** _**Compare**_ Pa.**[ ]**R.C.P. No. 3106(b). The written request for reissuance may be in any form and may consist of a notation on the permanent copy of the request for order of execution form, ''Reissuance of order of execution requested,'' subscribed by the plaintiff. The magisterial district judge shall mark all copies of the reissued order of execution, ''Reissued. Request for reissuance filed _____ (time and date).'' A new form may be used upon reissuance, those portions retained from the original being exact copies although signatures may be typed or printed with the mark ''/s/.'' There are no filing costs for reissuing an order of execution, for the reissuance is merely a continuation of the original proceeding. However, there may be additional server costs for service of the reissued order of execution.

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act**[.]**, **[50 App. U.S.C. §  501 et seq.]** <u>50 U.S.C. §§ 3901 _et seq._</u>

Rule 410. Stay of Execution Generally

\*\*\*

      Official Note: **[Compare]** ***Compare*** Pa.R.C.P. No. 3121(a). Other rules in this chapter may also provide for a stay in specific circumstances covered by those rules. The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act**[.]**, **[50 App. U.S.C. § 501 et seq.]** <u>50 U.S.C. §§ 3901 *et seq.*</u>

Rule 503.    Form of Complaint

A.    The complaint shall be made in writing on a form **[which shall be]** prescribed by the State Court Administrator.

B.    **[The complaint shall be signed by the plaintiff or plaintiff's agent and verified as follows:**

**The facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.**

_____
**Signature**

**C.]**    The complaint shall set forth:

(1)    The names and addresses of the parties.

(2)    The location and the address, if any, of the real property possession of which is sought to be recovered.

(3)    That the plaintiff is the landlord of that property.

(4)    That **[he] the plaintiff** leased or rented the property to the defendant or to some other person under whom the defendant claims.

(5)    That notice to remove was given to the defendant in accordance with law, or that no notice was required under the terms of the lease.

(6)    That--

(a)    the term for which the property was leased or rented is fully ended, or

(b)    a forfeiture has resulted by reason of a breach of the conditions of the lease, or

(c)    rent reserved and due has, upon demand, remained unsatisfied.

(7)    That the defendant retains the real property and refuses to give up possession of the property.

(8)     The amount of rent, if any, **[which] <u>that</u>** remains due and unpaid on the date the complaint is filed and whatever additional rent shall remain due and unpaid at the date of the hearing, and the amount of damages, if any, claimed for injury to or unjust detention of the real property.

**<u>C.     The complaint shall be signed by the plaintiff or plaintiff's agent and verified as follows:</u>**

> **<u>The facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.</u>**

_____

**<u>Signature</u>**

**<u>D.     For every individual defendant, the plaintiff or plaintiff's agent shall attach an affidavit to the complaint indicating that the defendant is in the military service, that the defendant is not in the service, or that the plaintiff is unable to determine whether or not the defendant is in the service.</u>**

Official Note: As in the other rules of civil procedure for magisterial district judges, the complaint will be on a printed form. The filings required by this rule are subject to the _Case Records Public Access Policy of the Unified Judicial System of Pennsylvania_. _See_ Rule 217. As to notice to remove, the form will simply state that such a notice, when required, was given to the defendant in accordance with law. _See_ § 501 of the Landlord and Tenant Act, 68 P.S. § 250.501, as amended by § 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 P.S. § 20002(a).

In subdivision **[C] <u>B</u>**(8) the landlord is permitted to claim, in addition to the specific amount of rent due and unpaid at the date of filing, whatever unspecified amount of rent will remain due and unpaid at the date of the hearing. As to claiming damages for injury to property, _compare_ Pa.R.C.P. No. 1055.

**<u>Subdivision D requires the plaintiff to affirm if the defendant is or is not in the military service, or if the defendant's military service status is unknown. This information is required to ensure that an eligible defendant receives the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 _et seq._ The affidavit shall be made in writing on a form prescribed by the State Court Administrator.</u>**

See Act of January 24, 1966, P.L.(1965) 1534, § 1, as amended by Act of August 11, 1967, P.L. 204, No. 68, § 1, Act of June 11, 1968, P.L. 159, No. 89, § 2, 35 P.S. §

1700-1, which states that "no tenant shall be evicted for any reason whatsoever while rent is deposited in escrow" because the dwelling in question has been certified as unfit for human habitation by the appropriate city or county agency. It seems appropriate to leave the matter of evidencing or pleading such a certification or lack thereof to local court of common pleas rules.

Rule 515.     Request for Order for Possession

A.     If the magisterial district judge has rendered a judgment arising out of a non-residential lease that the real property be delivered up to the plaintiff, the plaintiff may, after the 15th day following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

B.     (1)     Except as otherwise provided in **[subparagraph]** **subdivision** **B**(2), if the magisterial district judge has rendered a judgment arising out of a residential lease that the real property be delivered up to the plaintiff, the plaintiff may after the 10th day but within 120 days following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

        (2)     In a case arising out of a residential lease, if before the plaintiff requests an order for possession,

                (a)     an appeal or writ of **[certiorari]** *certiorari* operates as a **[supersedeas]** *supersedeas*; or

                (b)     proceedings in the matter are stayed pursuant to a bankruptcy proceeding **or other federal or state law**; and

                (c)     the **[supersedeas]** *supersedeas* or **the** bankruptcy **or other** stay is subsequently stricken, dismissed, lifted, or otherwise terminated so as to allow the plaintiff to proceed to request an order for possession,

the plaintiff may request an order for possession only within 120 days of the date the **[supersedeas]** **supersedeas** or **the** bankruptcy **or other** stay is stricken, dismissed, lifted, or otherwise terminated.

        Official Note: The **[fifteen]** **15** days in subdivision A of this rule, when added to the 16-day period provided for in Rule 519A, will give the defendant time to obtain a **[supersedeas]** *supersedeas* within the appeal period. **[See]** *See* Rules 1002, 1008, 1009, and 1013.

        The 1995 amendment to section 513 of The Landlord and Tenant Act of 1951, 68 P.S. § 250.513, established a **[ten]** **10**-day appeal period from a judgment for possession of real estate arising out of a residential lease; therefore, the filing of the request for **an** order for possession in **[subparagraph]** **subdivision** B(1) is not permitted until after the appeal period has expired. In cases arising out of a residential lease, the request for **an**

9

order for possession generally must be filed within 120 days of the date of the entry of the judgment.

**The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901** *et seq.*

**[Subparagraph]** **Subdivision** B(2) provides that in a case arising out of a residential lease, if a **[supersedeas]** *supersedeas* (resulting from an appeal or writ of **[certiorari]** *certiorari*) or bankruptcy **or other** stay is stricken, dismissed, lifted, or otherwise terminated, thus allowing the plaintiff to proceed with requesting an order for possession, the request may be filed only within 120 days of the date the **[supersedeas]** *supersedeas* or **the** bankruptcy **or other** stay is stricken, dismissed, lifted, or otherwise terminated.

The time limits in which the plaintiff must request an order for possession imposed in subdivision B apply only in cases arising out of residential leases and in no way affect the plaintiff's ability to execute on the money judgment. **[See]** *See* Rule 516, Note, and Rule 521A.

At the time the plaintiff files the request for an order for possession, the magisterial district court should collect server fees for all actions through delivery of possession. Thereafter, if the order for possession is satisfied 48 hours or more prior to a scheduled delivery of possession, a portion of the server costs may be refundable. **[See]** *See* Rules 516 through 520 and **[Section 2950(d) of the Judicial Code, 42 Pa.C.S. § 2950(d)]** 44 **Pa.C.S. § 7161(d)**.

Rule 516.    Issuance and Reissuance of Order for Possession

A.    Upon the timely filing of the request form, the magisterial district judge shall issue the order for possession and shall deliver it for service and execution to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The order shall direct the officer executing it to deliver actual possession of the real property to the plaintiff. The magisterial district judge shall attach a copy of the request form to the order for possession.

B.    (1)    Except as otherwise provided in subdivision C, upon written request of the plaintiff the magisterial district judge shall reissue an order for possession for one additional 60**-**day period.

(2)    If an order for possession is issued and subsequently superseded by an appeal, writ of **[certiorari, supersedeas]** *certiorari, supersedeas*, or a stay pursuant to a bankruptcy proceeding **or other federal or state law**, and

(a)    the appeal, writ of **[certiorari]** *certiorari*, or **[supersedeas]** *supersedeas* is stricken, dismissed, or otherwise terminated; or

(b)    the bankruptcy **or other** stay is lifted; and

(c)    the plaintiff wishes to proceed with the order for possession,

the plaintiff must file with the magisterial district judge a written request for reissuance of the order for possession in accordance with **[subparagraph]** **subdivision B**(1).

C.    In a case arising out of a residential lease**,** a request for reissuance of an order for **[P]p**ossession may be filed only within 120 days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of **[certiorari, supersedeas]** *certiorari, supersedeas*, or a stay pursuant to a bankruptcy **[P]p**roceeding **or other federal or state law**, only within 120 days of the date the appeal, writ of **[certiorari]** *certiorari*, or **[supersedeas]** *supersedeas* is stricken, dismissed, or otherwise terminated or the bankruptcy or **other stay** is lifted.

D.    A written request for reissuance of the order for possession**,** filed after an appeal, writ of **[certiorari]** *certiorari*, or **[supersedeas]** *supersedeas* is stricken, dismissed, or otherwise terminated, or a bankruptcy **or other** stay is lifted, must be accompanied by a copy of the court order or other documentation striking, dismissing, or terminating the appeal, writ of **[certiorari]** *certiorari*, or **[supersedeas]** *supersedeas*, or lifting the bankruptcy **or other** stay.

Official Note: The order for possession deals only with delivery of possession of real property and not with a levy for money damages. A plaintiff who seeks execution of the money judgment part of the judgment must proceed under Rule 521A, using the forms and procedure there prescribed. The reason for making this distinction is that the printed notice requirements on the two forms, and the procedures involved in the two matters, differ widely.

Subdivision B provides for reissuance of the order for possession for one additional 60-day period. However, pursuant to subdivision C, in cases arising out of a residential lease, the request for reissuance of the order for possession must be filed within 120 days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of **[certiorari, supersedeas]** *certiorari, supersedeas* or a stay pursuant to a bankruptcy **[P]p**roceeding **or other federal or state law**, only within 120 days of the date the appeal, writ of **[certiorari]** *certiorari*, or **[supersedeas]** *supersedeas* is stricken, dismissed, or otherwise terminated, or the bankruptcy **or other** stay is lifted. The additional 60-day period need not necessarily immediately follow the original 60-day period of issuance. The written request for reissuance may be in any form and may consist of a notation on the permanent copy of the request for order for possession form, "Reissuance of order for possession requested," subscribed by the plaintiff. The magisterial district judge shall mark all copies of the reissued order for possession, "Reissued. Request for reissuance filed .......... (time and date)." A new form may be used upon reissuance, those portions retained from the original being exact copies although signatures may be typed or printed with the mark "/s/." There are no filing costs for reissuing an order for possession, for the reissuance is merely a continuation of the original proceeding. However, there may be additional server costs for service of the reissued order for possession.

**The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.***

The time limits in which the plaintiff must request reissuance of an order for possession imposed in subdivision C apply only in cases arising out of residential leases and in no way affect the **[P]p**laintiff's ability to execute on the money judgment. **[See]** *See* Rule 521A.